UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80197-MD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE ANDERSON AUGUSTIN,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS**
**[ECF No. 55]**

Jose Anderson Augustin is charged in a one-count Indictment with being a convicted felon in possession of a firearm and ammunition. ECF No. 1. Acting *pro se,* he moves to suppress the firearm and other evidence seized at the time of his arrest. ECF No. 55. I have reviewed his *pro se* Motion to Suppress and the Government's Response. ECF No. 85. I also conducted an evidentiary hearing on April 24, 2024. I am fully advised and this matter is ripe for decision. For the following reasons, it is RECOMMENDED that the Motion to Suppress be DENIED.

The evidence at the suppression hearing consisted of the testimony of Palm Beach Sheriff's Office Agent Swigert and two body camera videos. I found Agent Swigert's testimony to be credible. I find the following facts to be proven by a preponderance of the evidence:

On April 7, 2023, Agent Swigert saw Mr. Augustin make what appeared to be

two hand-to-hand transactions in an alleyway in an area of Lake Worth Beach, Florida, known for street-level drug dealing. Agent Swigert and Sergeant Lin approached Mr. Augustin. They were in uniform. No guns or tasers were displayed. As they approached, Mr. Augustin ran behind some bushes and tried to get away. He was quickly found and detained. Almost immediately after he was detained, the police found approximately $675 in U.S. currency in his sock and controlled substances in his pockets. Alongside the path of Mr. Augustin's flight, police found a loaded pistol.

There is no legal basis to suppress the pistol. Mr. Augustin has not shown that he has any privacy right or possessory interest in the firearm. So, he lacks Fourth Amendment standing to suppress it. *See United States v. Ross,* 963 F.3d 1056, 1062-63 (11th Cir. 2020) (distinguishing Fourth Amendment standing from Article III jurisdictional standing). Even assuming it is Mr. Augustin's firearm, he voluntarily abandoned it, which forfeits any fourth amendment protection. *See, e.g., United States v. Ramos,* 12 F.3d 1019, 1022 (11th Cir 1994).

The drugs and money also should not be suppressed. The Government argues that it seized the drugs and money after conducting a *Terry* stop based on reasonable suspicion. ECF No. 85 at 7.[1] It says, "In the instant case, the officers had reasonable suspicion to conduct a *Terry* stop and reasonably believed that the defendant was armed and dangerous." It further says, "[A]s the officers approached the defendant, without any weapons drawn, the defendant fled behind a bush and appeared to

---

[1] The Government does not argue that it had probable cause to arrest Mr. Augustin or that the drugs and money were recovered in a search incident to arrest.

discard an object resembling a firearm before laying on the ground." *Id*. At the suppression hearing, there was no evidence that the officers saw Mr. Augustin discard an object. The evidence was that he briefly fled behind some bushes, where his hands could not be seen, so the officers did not know if he was armed.

Agent Swigert credibly testified to specific facts that gave him reasonable suspicion to believe that Mr. Augustin was illegally selling drugs, in violation of Florida law. Under the totality of the circumstances, after Mr. Augustin fled from police and was briefly concealed from their view during that flight, it was reasonable for the officers to be concerned for their safety and to detain him to determine whether he was armed. *United States v. Acosta,* 363 F.3d 1141, 1145-46 (11th Cir. 2004).

WHEREFORE, it is RECOMMENDED that the Motion to Suppress be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Melissa Damian, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of May 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE